Judge Thomas S. Zilly

IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF NICKOLAS MICHAEL PETERS, by the Personal Representative CARL MICHAEL PETERS; and JAYNI MARIE PETERS and CARL MICHAEL PETERS, individually and their marital community;<br><br>Plaintiffs,<br><br>v.<br><br>SNOHOMISH COUNTY as a sub-division of the STATE of WASHINGTON; SNOHOMISH COUNTY SHERIFF'S OFFICE and SNOHOMISH COUNTY SHERIFF'S DEPUTY ARTHUR J. WALLIN, and CERTAIN UNKNOWN SNOHOMISH COUNTY SHERIFF'S DEPUTIES JOHN & JANE DOES 1 – 3,<br><br>Defendants. | NO.  2:19-cv-00873-TSZ<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, 42 U.S.C. § 1983**<br><br>**JURY TRIAL REQUESTED** |

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES     – 1

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

Plaintiffs Peters, by and through their attorneys, Campiche Arnold, PLLC, alleges:

## I. JURISDICTION AND VENUE

1. Jurisdiction is vested in this court by virtue of the Plaintiffs' allegation that Defendant Wallin using excessive force shot and killed Nickolas Michael Peters in Snohomish County, State of Washington, violating 28 U.S.C. § 1983 (civil action for deprivation of civil rights) giving rise to jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a) (original jurisdiction for civil rights violation), and the court's pendant jurisdiction to decide state-law claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a).

2. This action is brought pursuant to 42 U.S.C. § 1983 for the violation of the plaintiffs' rights contained in the Fourth and Fourteenth Amendments to the United States Constitution, and RCW 4.20.046 and RCW 4.24.010 (Survival Action for the Estate and Parents' loss of companionship with their son); and for Washington State common law negligence.

3. This Court has original jurisdiction over the plaintiffs' claims for the violations of the United States Constitution and the deceased Nickolas Michael Peters (Nickolas Peters) and Jayni and Carl Michael Peters' civil rights, pursuant to 28 U.S.C. §§ 1331, 1343, and 1376 *et. seq.*

4. This Court has pendant jurisdiction to decide the Plaintiffs' common law negligence claims.

5. Venue is appropriate in the U.S. District Court, Western District of Washington at Seattle, pursuant to 28 U.S.C. § 1391 because:

   a. the defendants are all believed to reside in the district;

   b. the municipal corporations of Snohomish County (Snohomish County) are located within the district;

   c. the Snohomish County Sheriff's Office is located in the district;

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES   – 2

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

    d.    the plaintiffs all reside in the district; and,

    e.    the shooting of Nickolas Peters and medical treatment occurring in the last hours of his life all occurred in the district.

## II.   PARTIES

### Plaintiffs

6.    Plaintiffs are residents of the Western District of Washington, residing in Snohomish, Snohomish County, Washington.

7.    Carl Michael Peters (Carl Peters) is the Court Appointed Personal Representative of the Estate of Nickolas Michael Peters (Nickolas Peters), who was born on August 30, 1994 and died on October 23, 2018.

8.    Carl Peters is the father of the deceased, Nickolas Peters.

9.    Jayni Marie Peters (Jayni Peters) is the mother of the deceased, Nickolas Peters.

### Defendants

10.    Snohomish County is a political sub-division of the State of Washington with the right to sue and be sued in its own name and stead.

11.    The Snohomish County Sheriff's Office is a subdivision of Snohomish County and the State of Washington.

12.    Snohomish County Deputy Sheriff Arthur J. Wallin (Deputy Wallin) is believed to be the deputy sheriff that fired the gun that killed Nickolas Peters.

13.    Snohomish County Sheriff's Deputy Wallin was employed by Defendant Snohomish County and the Snohomish County Sheriff's Office.

14.    Snohomish County Sheriff's Deputy Wallin was acting under the color of state law and within the scope of his employment, when he shot and killed Nickolas Peters, a United States Citizen.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES   – 3

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

15. Snohomish County Sheriff's Deputy Wallin's killing of Nickolas Peters was in violation of the State and Federal Law.

16. Snohomish County Sheriff's Deputy Wallin's killing of Nickolas Peters was in violation of Nickolas Peters' and his family's United States constitutional rights.

17. Snohomish County Sheriff Deputies John & Jane Does 1-3 are believed to be Deputy Sheriff's employed by Defendant Snohomish County and the Snohomish County Sheriff's Office, who were involved in and responsible for the unlawful shooting and killing of Nickolas Peters on October 23, 2018.

18. Snohomish County Sheriff Deputies John & Jane Does 1-3 were acting under the color of state law and within the scope of his employment, when they were involved in the shooting and killing of Nickolas Peters, a United States Citizen.

19. The identities of the Snohomish County Sheriff Deputies John & Jane Does 1-3 are unknown because the Snohomish County Sheriff's Office will not honor the family's lawful requests for public records relating to the shooting death of Nickolas Peters.

20. This Complaint will be amended upon discovery of the true identities of the Snohomish County Deputy Sheriffs John & Jane Does 1-3.

### III.   JURY DEMAND

21. Pursuant to Fed. R. Civ. Pro. 38, plaintiffs hereby request a trial by jury.

### IV.   BACKGROUND FACTS

22. On October 23, 2018 in Bothell, Washington, while acting under the color of state law, Defendant Snohomish Deputy Sheriff Wallin, shot and killed Nickolas Peters.

23. Deputy Sheriff Wallin, shot and killed Nickolas Peters after a forcible traffic stop.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES   – 4

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

24. It is believed that Deputy Sheriff Wallin is still on administrative leave as a result of this shooting.

25. On October 23, 2018 Nickolas Peters, age 24, was driving a pickup truck in the Bothell City Limits of Snohomish County, Washington State.

26. Britt Jakobson, age 22, was the sole passenger in the pickup truck.

27. At approximately 10:00 P.M. on October 23, 2018 Snohomish Deputy Sheriff Mark Stich heard over his police radio Defendant Wallin reporting a vehicle speeding. The vehicle, a pickup truck, was driven by Nickolas Peters.

28. Defendant Wallin's voice was "amped up" and excitable over the radio reporting that they needed to stop the speeding vehicle now.

29. Deputy Wallin, driving a marked police vehicle, activated the colored overhead lights signaling Nickolas Peters to stop.

30. At the time of the traffic stop and shooting, Nickolas Peters' identity was not known to the Snohomish County Sheriff's Office or its deputies.

31. Nickolas Peters was not the registered owner of the pickup truck he was driving.

32. After initially stopping, but before any deputies could make contact, Nickolas Peters drove away from Deputy Wallin and other deputies.

33. After a several mile chase and unsuccessful PIT maneuvers ("pursuit intervention technique" where a police car is used to ram the suspect's vehicle to disable movement), Snohomish County Deputy Sheriffs forcibly blocked in the pickup truck by successful PIT maneuvers at or near the intersection of North Damson Road, Filbert Road, and 196th Street in Bothell, Washington.

34. One of the PIT maneuvers jammed the driver's side door of the pickup truck preventing the door from opening.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES   – 5

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

35. The PIT maneuver forced the pickup truck partially on the sidewalk facing Northbound.

36. Deputy Wallin's patrol car was parked in front of the pickup toward the passenger side.

37. Snohomish County Deputy Stich drove his vehicle into the front end of the pickup truck pushing it backwards approximately a car length away from the sidewalk.

38. The pickup was pushed rearward into the tall bushes and trees.

39. Deputy Stich's patrol car struck the pickup again pinning the vehicle against the bushes preventing rearward movement by the pickup truck.

40. Deputy Stich's patrol car's front grill in contact with the pickup truck's front end blocked forward movement of the pickup truck.

41. Without backward or forward movement, the pickup truck was pinned in without a getaway path—the vehicle was immobilized.

42. No escape route existed for the pickup.

43. Deputies Wallin and Stich both exited their vehicles and stood on the front passenger side of the pickup truck.

44. Deputy Wallin commanded the passenger (Britt Jakobson) and driver (Nickolas Peters) to show their hands.

45. Deputy Stich followed and inconsistently commanded, "don't move."

46. Other conflicting commands were given to Peters and Jakobson, including "turn off the ignition," "show your hands," and "exit the vehicle."

47. Deputy Stich saw Nickolas Peters' left hand moving between the steering wheel and driver's side door trying to open the door.

48. Deputy Stich got on top of the hood of the pickup truck to cross over to the driver's side door to prevent Nickolas Peters from escaping the vehicle.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES  – 6

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

49. Before Nickolas Peters was able to comply with the conflicting orders, but while Nickolas Peters' hands were in the air, Snohomish County Sheriff's Deputy Wallin, without warning, shot Nickolas Peters twice through the pickup's windshield.

50. Deputy Stich heard the two shots while he was on the pickup's hood.

51. After the shots were fired Deputy Stich looked into the pickup truck and saw Nickolas Peters' right hand balled into a fist and his left hand still trying to open the driver side door.

52. The only deputies present at the scene when the shots were fired were deputies Stich and Wallin.

53. Deputy Stich gave two statements to law enforcement investigators of this homicide: the first October 24, 2018; and, again on October 28, 2018, Deputy Stich added to his original statement.

54. In the law enforcement investigation of this shooting, Deputy Stich did not report that this shooting was necessary to protect him, or any other person, nor does he report that Nickolas Peters threatened him or Defendant Wallin with serious physical harm at the time he was shot.

55. It was practical for Deputy Wallin to warn Nickolas Peters he would shoot. Peters was unarmed, his vehicle immobile, he was in the driver's seat, Deputy Stich was on the car hood to prevent any escape out the driver's side door, Defendant Wallin was at the passenger side of the vehicle, and Peters did not present a risk of harm to others. There was no emergent basis for any shots to be fired.

56. A bullet went through Nickolas Peters' right arm and into his chest cavity and caused the injuries leading to his death.

57. At all times material hereto, the pickup was illuminated by the lights of the several patrol vehicles and overhead streetlights.

58. At the time he was shot, Nickolas Peters was not holding a weapon and no weapon was visible in the pickup.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES  – 7

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

59. At the time Nickolas Peters was shot, Britt Jakobson was not holding a weapon.

60. At the time he was shot, Nickolas Peters was not threatening the deputies.

61. At the time Nickolas Peters was shot, the pickup he had been driving was immobile.

62. At the time that Snohomish County Sheriff's Deputy Wallin shot to kill Nickolas Peters, alternatives to deadly force were available to the deputy sheriffs to detain, seize, and arrest him.

63. Reasonable alternatives to lethal force existed to control Nickolas Peters including the use of pepper spray, Tasing him, physically restraining him, and/or striking him with batons, flashlights or other objects available to both Deputies Wallin and Stich.

64. The following Snohomish law enforcement officers were arriving at the scene and would have been available to assist Deputies Wallin and Stich to use reasonable alternatives to lethal force: Sergeant Johnson, Sergeant Fortney, Deputy Miner, and Deputy Woodson.

65. At the time Deputy Sheriff Wallin shot and killed unarmed Nickolas Peters, law enforcement officers knew that lethal force should not be used to arrest an unarmed suspect who did not pose a threat of inflicting serious physical harm on others.

66. At the time relevant to this lawsuit, Defendant Snohomish County and the Snohomish County Sheriff's Office had a duty to properly select, train, and supervise Snohomish County Deputy Sheriffs to understand and comply with the requirements of the United States Constitutional limitations on the use of deadly force.

67. At the time relevant to this lawsuit, Defendant Snohomish County and the Snohomish County Sheriff's Office breached its duty to properly select, train, and supervise Snohomish County Deputy Sheriffs to understand and comply with the requirements of the United States Constitutional limitations on the use of deadly force.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES   – 8

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

68. The named defendants and all law enforcement officers, including the Snohomish County Sheriff's Office, have a duty to protect human life.

69. The bullets used to shoot and kill Nickolas Peters were hollow point bullets, which are expanding bullets with hollowed-out tips designed to expand and flatten when they enter the human body so as to disrupt more tissue as they travel through the body.

70. The use of hollow point ammunition in warfare is barred by The Hague Convention.

71. The relevant portion of The Hague Convention reads: "*the contracting parties agree to abstain from the use of bullets which expand or flatten easily in human body. . .*"

72. Snohomish County Deputy Sheriff Wallin's unnecessary use of deadly force to arrest Nickolas Peters violated the Fourth Amendment to the United States Constitution protections against unreasonable seizure.

73. Snohomish County Deputy Sheriff Wallin's unnecessary use of deadly force to arrest Nickolas Peters deprived Carl and Jayni Peters of the right to enjoy the companionship of their adult son in violation of the 14th Amendment to the United States Constitution.

74. A reasonable and competent police officer would have known that the use of deadly force to detain, seize, or arrest Nickolas Peters clearly violated established constitutional prohibitions on the use of excessive or deadly force and federal constitutional rights to be free from the use of excessive deadly force and unreasonable seizure.

75. After being shot, Nickolas Peters was transported by Aid Car to Harborview Medical Center in Seattle and died of the wounds inflicted by Snohomish County Deputy Wallin.

76. Nickolas Peters suffered pre-death pain and suffering as a result of being shot in the chest by Deputy Wallin.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES – 9

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

77. Snohomish County Sheriff's Office has a duty to investigate and review the use of deadly force by its deputies.

78. The Snohomish County Sheriff ordered Deputy Wallin to give a statement regarding his shooting of Nicholas Peters on November 27, 2018.

79. Deputy Wallin was informed by the Snohomish County Sheriff that the Snohomish County Multi-Agency Response Team (here after "SMART") was assisting the investigation of this shooting.

80. Deputy Wallin refused to give his employers the Snohomish County and the Sheriff of Snohomish County (hereafter "employer"), SMART, or any other entity investigating the shooting death of Nickolas Peters, a statement regarding his use of deadly force in shooting Nickolas Peters.

81. Deputy Wallin was advised that this refusal to answer questions regarding his shooting of Nickolas Peters could be the basis for disciplinary action against him, including termination by his employer.

82. Deputy Wallin was also advised that any answers to questions or information derived from his answers could not be used in any way in any subsequent criminal proceeding against him.

83. Deputy Wallin was advised of his rights under *Garrity v. New Jersey*, 385 U.S. 493 (1967), before he was asked to answer questions regarding his shooting of Nickolas Peters by his employer, or SMART.

84. The 2015-2019 Collective Bargaining Agreement between the Snohomish County and the Sheriff of Snohomish County (Employer) and the Snohomish County Deputy Sheriff's Association in Article 18, paragraph 18.1.9 gives the Snohomish County Sheriff the power to discipline including terminating Deputy Wallin's employment for failing to give a statement in the investigation of his shooting of Nickolas Peters.

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES – 10**

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

85. The Snohomish County Sheriff's Office Manual of Policy and Procedures Section 1019.7.3 also empowers the Defendant Employers to order Deputy Wallin to cooperate, give a statement and answer investigators' questions regarding the shooting of Nickolas Peters.

86. By the Snohomish County Sheriff's Office's failure to properly reprimand Deputy Wallin for his refusing to cooperate and give a statement in the shooting death of Nickolas Peters, it acquiesced in the obstruction of this death investigation by Deputy Wallin and failed to ascertain his fitness to continue in its employment.

87. To date, Snohomish County Sheriff's Office has failed to investigate or review the use of deadly force by Deputy Wallin or to determine whether the use of force was within policy, intentional or accidental, or unjustified.

88. In the alternative, the Snohomish County Sheriff did not reprimand Deputy Wallin for his use of deadly force but approved his use of lethal force knowing the facts and circumstances of Nickolas Peters death.

89. The Snohomish County Sheriff ratified Deputy Wallin's shooting of Nickolas Peters by rescinding on December 6, 2018 the November 27, 2018 Garrity Order to Wallin to give a statement and answer investigators' questions regarding the shooting of Nickolas Peters.

90. This history of Deputy Wallin using excessive lethal force was known to Defendant Snohomish County before this shooting.

91. Defendant Snohomish County knew that Deputy Wallin previously shot a suspect surrendering his weapons as commanded by Wallin.

92. Deputy Wallin on duty on or about August 15, 2013, shot Gene Fagerlie who was following Wallin's commands to drop his weapons when Wallin shot him.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES   – 11

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

93.    Mr. Fagerlie when shot was in the process of removing a rifle on a sling hanging from his side by grabbing the rifle's mussel and lifting it from his shoulder in compliance with Deputy Wallin's command to drop his weapons.

94.    At the time of Mr. Fagerlie's surrendering, he did not pose a threat of serious harm to others, nor was he fleeing but giving himself up to law enforcement officers.

95.    The shooting of Mr. Fagerlie by Deputy Wallin was excessive force.

96.    Snohomish County has failed to properly train, reprimand, terminate his employment, or otherwise remediate Deputy Wallin's use of excessive force before he shot Nickolas Peters, thus ratifying Wallin's use of excessive force,

97.    A contributing cause of the death of Nickolas Peters and his parent's loss of companionship with him, and the violation of their Washington state and federal constitutional rights was the unconstitutional policies, practices, and operating procedures of the Snohomish County Sheriff's Office.

### V.    FIRST CAUSE OF ACTION:

**Federal Civil Rights Violations of the United States Constitution 4th Amendment under 42 U.S.C. § 1983**

98.    Plaintiffs Peters incorporate all above paragraphs as if fully set forth.

99.    Defendant Deputy Wallin and/or other Defendant Snohomish County Sheriff Deputies violated 42 U.S.C. § 1983 and Nickolas Peter's United States Constitutional Fourth Amendment rights protecting him from unreasonable seizure when he or they inflicted excessive force upon Nickolas Peters.

100.    By virtue of the facts set forth above, these defendants are liable for compensatory and punitive damages for the deprivation of the civil rights of the deceased Nickolas Peters, rights which

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES – 12

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

are guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizure of his person in the form of these defendants' use of excessive force and deadly force.

101. Damages include deprivation of Nickolas Peters' life and pre-death pain and suffering.

## VI.   SECOND CAUSE OF ACTION

**Federal Civil Rights Violations of the United States Constitution 14th Amendment under 42 U.S.C. § 1983**

102. Plaintiffs Peters incorporate all above paragraphs as if fully set forth.

103. Defendant Deputy Wallin and/or other Defendant Snohomish County Sheriff Deputies violated 42 U.S.C. § 1983 and Jayni and Carl Peters' United States Constitution 14th Amendment rights to enjoy the companionship and society with their adult child Nickolas Peters.

104. By virtue of the facts set forth above, all these defendants are liable for compensatory and punitive damages for the deprivation of the civil rights, defined as the liberty interests of Jayni and Carl Peters for the loss of companionship and society of their adult child Nickolas Peters guaranteed by the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

## VII.   THIRD CAUSE OF ACTION

**Snohomish County's Liability Re: *Monell* Claim**

105. Plaintiffs Peters incorporate all above paragraphs as if fully set forth.

106. Defendants Snohomish County and the Snohomish County Sheriff's Office are liable for the unconstitutional violation of Nickolas Peter's Fourth Amendment constitutional rights and the excessive force causing injury and his death.

107. Defendants Snohomish County and the Snohomish County Sheriff's Office are liable for the unconstitutional violation of Carl Michael Peters' and Jayni Marie Peters', parents of Nickolas Peters, Fourteenth Amendment constitutional right to the companionship with their son.

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES   – 13

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

## VIII.  FOURTH CAUSE OF ACTION

### Common law negligence

108. Plaintiffs Peters incorporate all above paragraphs as if fully set forth.

109. Defendants Snohomish County and the Snohomish County Sheriff's Office owed Plaintiffs a duty of care to provide reasonably prudent law enforcement officers.

110. Defendants breached the duty of care to provide reasonable prudent law enforcement officers.

111. As a direct and proximate result of the Defendants' negligence, they are liable for compensatory damages for the deprivation of the civil rights of the deceased, Nickolas Peters' rights, which are guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizure of his person in the form of these defendants' use of excessive force and deadly force.

112. As a direct and proximate result of these Defendants' negligence they are liable for compensatory and damages for the deprivation of the civil rights, defined as the liberty interests of Jayni and Carl Peters for the loss of companionship and society of their adult child Nickolas Peters guaranteed by the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

113. As a direct and proximate result of the Defendants' negligence, they are liable for Nickolas Peters' pre-death pain and suffering, lost income, general damages, and the parents' loss of companionship with Nickolas.

## IX.  RELIEF REQUESTED

Plaintiffs request the Court enter judgment for Plaintiffs Peters, jointly and severally, for:

1. General damages in the amount of $10,000,000;

2. Punitive damages in the amount of $10,000,000;

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR DAMAGES   – 14

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

3. Pre-judgment interest on liquidated damages;

4. Attorney fees and litigation costs as determined by the Court; and,

5. Other such remedies as this Court deems appropriate and just.

Dated July 2, 2019.

By: *s/ Jeffery M. Campiche*
By: *s/Philip G. Arnold*
By: *s/ Jacqueline Hackler*
Jeffery M. Campiche, WSBA No. 7592
Philip G. Arnold, WSBA No. 2675
Jacqueline Hackler, WSBA No. 52636
CAMPICHE ARNOLD PLLC
Email addresses:
jcampiche@campichearnold.com
parnold@campichearnold.com
jhackler@campichearnold.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES** – 15

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111