UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF NICKOLAS MICHAEL PETERS, by the Personal Representative CARL MICHAEL PETERS; and JAYNI MARIE PETERS and CARL MICHAEL PETERS, individually and their marital community,<br><br>Plaintiffs,<br>v.<br><br>SNOHOMISH COUNTY as a sub-division of the STATE of WASHINGTON; SNOHOMISH COUNTY DEPUTY SHERIFF ARTHUR J. WALLIN; and CERTAIN UNKNOWN SNOHOMISH COUNTY DEPUTY SHERIFFS JOHN & JANE DOES 1 – 3,<br><br>Defendants. | No. 2:19-cv-00873-TSZ<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs and Defendants to this action (Parties), stipulate to and ask the Court to enter the following Protective Order, which shall apply to documents and information produced or disclosed by the parties pursuant to discovery in this case:

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby

STIPULATED PROTECTIVE ORDER -1
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2. "CONFIDENTIAL" MATERIAL**

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

NICKOLAS MICHAEL PETERS

A. medical records; and

B. psychological records.

DEFENDANT DEPUTY WALLIN

A.

DEFENDANT SNOHOMISH COUNTY

A. Snohomish County Sheriff's Office employee or personnel records; records of this nature may contain medical or psychological records, home addresses, personal telephone numbers, social security information, date of birth or other personal information.

B. Snohomish County Sheriff's Office reports of investigation of unrelated incidents that may have relevance to the claims or defenses in this matter.   Reports of this nature

**STIPULATED PROTECTIVE ORDER  -2**
NO.  2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

        may contain home addresses, personal telephone numbers, social security information, date of birth or other personal information of civilian witnesses.

   C. Ongoing investigation files; files of this nature may contain confidential medical records or may not yet be complete. .

   D. Any other information to be requested in discovery that has an equivalent need for protection from disclosure as the items in subparagraph 2(A)-(2)(C)

**3. SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

   4.1   <u>Basic Principles.</u> A receiving party may use confidential material that is disclosed or produced by another party or a non-party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**STIPULATED PROTECTIVE ORDER** -3
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information;

    (b) the officers, directors, and employees (including in house counsel, the parties' insurance carriers and agents) of the receiving party to whom disclosure is reasonably necessary for this litigation and settlement, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court, court personnel, court reported and their staff;

    (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of confidential material;

    (f) during their depositions: witnesses in the action to whom disclosure is reasonably necessary to the testimony of such witness; persons designated by a party as a Fed R. Civ. P. 30(b)(6) witness; and witnesses who are employed by a party; and,

**STIPULATED PROTECTIVE ORDER** -4
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The parties shall follow the provisions of paragraph 6.2 (Meet and Confer) below. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The designating party who seeks to maintain confidentiality of proposed court filed material must promptly move the court to maintain confidentiality. The burden of persuasion in any such motion shall be on the designating party.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. If only a portion or portions of the material on a page qualifies for protection, the designating producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins); provided, however, that a party may designate documents produced in this matter as "Confidential" on a family level (e.g. an email and its attachment(s)) in order to reduce cost and burden during the review and production process. The parties acknowledge that the designation by a producing party of a document as "Confidential" does not impose any obligation upon the

STIPULATED PROTECTIVE ORDER -5
NO. 2:19-cv-00873-TSZ

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

Court, if the document is filed in this case or if it or any portion of it is quoted in any document filed with the court, to permit the sealing of said document(s), which sealing is governed by Local Rule 5 or other order of this Court. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items or communications for which protections is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a)(below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

> (a) <u>Information in documentary form:</u> (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the designating producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins); provided, however, that a party may designate documents produced in this matter as "Confidential" on a family level (e.g. an email and its attachment(s)) in order to reduce cost and burden during the review and production

STIPULATED PROTECTIVE ORDER -6
NO. 2:19-cv-00873-TSZ

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

process. The parties acknowledge that the designation by a producing party of a document as "Confidential" does not impose any obligation upon the Court, if the document is filed in this case or if it or any portion of it is quoted in any document filed with the court, to permit the sealing of said document(s), which sealing is governed by Local Rule 5 or other order of this Court;

(b) <u>Testimony given in deposition or in other pretrial or trial proceedings:</u> the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any transcript, designate portions of the transcript, or exhibits thereto, as confidential; and,

(c) <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**STIPULATED PROTECTIVE ORDER** -7
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

## 6. CHALLENGING CONFIDENTIAL DESIGNATIONS

6.1 <u>Timing of Challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the other affected parties in an effort to resolve the dispute without court action. The certification musts list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5 (g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burden on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

6.4 <u>Trial Exhibits.</u> Confidential material may be introduced into evidence at time of trial and placed before the trier of fact as permitted by the rules of evidence.

STIPULATED PROTECTIVE ORDER -8
NO. 2:19-cv-00873-TSZ

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

6.5 <u>Motions.</u> Confidential material may be used as reasonably necessary to respond to motions brought by the designating party without a meet and confer.

## 7. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.

## 8. NO TERMINATION AND RETURN DESTRUCTION OF CONFIDENTIALDOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must destroy all confidential material to the producing party, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or court orders otherwise.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**STIPULATED PROTECTIVE ORDER -9**
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

| | | |
|---|---|---|
| Dated October 3, 2019 | | By: s/Philip G. Arnold |
| | | Philip G. Arnold, WSBA No. 2675 |
| | | Campiche Arnold, PLLC |
| | | Attorneys for Plaintiffs Peters |
| | | 1201 Third Avenue, suite 3810 |
| | | Seattle, WA 98101 |
| | | Tele: 206.281.9000 |
| | | Facsimile: 206.281.9111 |
| | | E-mail addresses: |
| | | parnold@campichearnold.com |
| | | jcampiche@campichearnold.com |
| | | jhackler@campichearnold.com |
| | | lrichard@campichearnold.com |
| | | lharris@campichearnold.com |

Dated October 3, 2019              By: *s/Bridget E. Casey*
    Bridget E. Casey, WSBA No. 30459
    Joseph B. Genster, WSBA No. 14968
    Katherine H. Bosch, WSBA No. 43122
    Snohomish County Prosecutor's Office,
      Civil Division
    Attorneys for Def. Snohomish County
    3000 Rockefeller Avenue, MS 504
    Everett, WA 98201
    Tele: 425.388.6330
    Facsimile: 425.388.6333
    Email addresses:
    bcasey@snoco.org
    jgenster@snoco.org
    kbosch@snoco.org

Dated  October 3, 2019              By: *s/Shannon M. Ragonesi*
    Shannon M. Ragonesi
    Keating Bucklin & McCormack, Inc., PS
    Attorneys for Defendant Deputy Wallin
    801 Second Avenue, Suite 1210
    Seattle, WA 98104
    Tele: 206.623.8861
    Facsimile: 206.223.9423
    Email addresses:
    SRagonesi@kbmlawyers.com
    CLinder@kbmlawyers.com

**STIPULATED PROTECTIVE ORDER    -10**
NO.  2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 7, 2019.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

Presented by:

By: s/Philip G. Arnold
　　Philip G. Arnold, WSBA No. 675
　　Campiche Arnold, PLLC
　　1201 Third Avenue, Suite 3810
　　Seattle, WA 98101
　　Telephone: (206) 281-9000
　　Fax:　　　(206) 281-9111
　　E-mail parnold@campichearnold.com
　　Attorneys for Plaintiffs Peters

**STIPULATED PROTECTIVE ORDER -11**
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111