Judge Thomas Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ESTATE OF NICKOLAS MICHAEL PETERS, by the Personal Representative CARL MICHAEL PETERS; and JAYNI MARIE PETERS and CARL MICHAEL PETERS, individually and their marital community,<br><br>                 Plaintiffs,<br>v.<br><br>SNOHOMISH COUNTY as a sub-division of the STATE of WASHINGTON; SNOHOMISH COUNTY DEPUTY SHERIFF ARTHUR J. WALLIN; and CERTAIN UNKNOWN SNOHOMISH COUNTY DEPUTY SHERIFFS JOHN & JANE DOES 1 – 3,<br><br>                 Defendants. | No. 2:19-cv-00873-TSZ<br><br>**STIPULATION FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION (ESI) AND ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information (ESI) in this matter:

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties in litigation to cooperate

**STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER – 1**
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b) (2) (B) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B. ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1. Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2. Non-custodial Data Sources. A list of non-custodial data sources (*e.g.,* shared drives, servers, data bases, etc.), if any, likely to contain discoverable ESI.

3. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. Manual Data. Drawings, illustrations, photographs, images, documents and ESI of a party which are not subject to effective computer word searches are still subject to the discovery requests from the propounding party and manual searches by the responding party.

5. Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data

**STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER – 2**
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b) (2) (B). [*Section (C) (2) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.*]

**C. Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is located, discovered or created after a disclosure or response is made (unless excluded under (C) (2) or (D) (1)-(2) below).

2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.    Deleted, slack, fragmented, or other data only accessible by forensics;

    b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

    c.    On-line access data such as temporary internet files, history, cache, cookies, and the like;

    d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see Section (E) (3));

STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER – 3
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

      e.      Back-up data that are substantially duplicative of data that are more accessible elsewhere;

      f.      Server, system or network logs;

      g.      Data remaining from systems no longer in use that is unintelligible on the systems in use; and,

      h.      Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided* that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud "storage) and will be produced if responsive.

**D. Privilege**

1. With respect to privileged or work-product ESI and documents which are generated by Plaintiffs' counsel before the filing of the complaint and which are generated by the plaintiffs' and defendants' counsel after the filing of the complaint, Plaintiffs' counsel and the defense counsel are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. FRCP 26 (b) (5) (A) shall be followed for all information withheld by a party claiming privilege which was otherwise discoverable subject to the D. 1. exception above.

4. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

5. The parties agree that privilege logs shall be provided 30 days after the date agreed upon for final production in this matter. The privilege log shall include a unique identification number for each document and the basis for the claim (attorney-client privileged and/or work product protection). For ESI, the privilege log may be generated from available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created subject to the D. 1. exception above. Should the available metadata provide insufficient information for the purpose of evaluation of the privilege claim asserted, the receiving party may request additional information consistent with the Federal Rules of Civil Procedure.

**E. ESI Discovery Procedures**

1. On-site inspection of electronic media. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. Search methodology. The parties shall attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. Each party will suggest the initial search terms to be used given they have more information regarding their data which may then be modified. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

If the parties are not able to reach agreement on search terms, then:

a. A producing party shall disclose what search terms, if any, were used to locate ESI likely to contain discoverable information and the identity of the data locations

STIP. FOR DISCOVERY OF ELECTRONICALLY
STORED INFO. (ESI) AND ORDER – 5
NO. 2:19-cv-00873-TSZ

CAMPICHE ARNOLD, PLLC
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

1         searched. If search terms were not used, the producing party shall disclose the
methodology used to locate ESI likely to contain discoverable information;

    b.   If search terms were used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The parties shall confer in good faith on the 5 additional queries. Focused terms and queries, rather than overbroad ones (e.g., product and company names), should be employed;

    c.   Absent a showing of good cause, queries returning more than a proportional number of search hits are presumed to be overbroad and subject to meet and confer with the understanding that not all custodians or queries will have the same proportionality standard; and,

    d.   The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

    3.   Format. The parties agree that ESI will be produced to the requesting party generally in .pdf format with searchable text unless a specific request is made by a party to produce documents or other discoverable materials in original native format and/or .pdf's with the load file fields listed in section 5 below, in a format to be decided between the parties. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, audio, video and drawing files, should be produced in native format. Plaintiff's medical records, tax returns, school records, and other records kept and produced by third parties will be produced in the format received by plaintiff. Each document image shall be named with a unique

**STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER** – 6
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

Bates Number (e.g., the unique Bates Number of the page of the document in question, followed by its file extension). The parties agree to exchange format of production specifications.

4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources.

5. Load File Fields. The parties agree that the following fields will be provided in the load file reflecting the conversion of the native files to an image when requested by a party:

    a. Begin doc; end doc; begin attachment; end attachment; document type; custodian and duplicate custodians; hash value;

    b. The metadata from the underlying native file will also be extracted and produced within the load file for these additional fields: author or from; recipient/to, cc and bcc, title or subject; file name and size; original file path; date and time created; date and time modified or received; page count; company; last modified by; printed; and number of revisions; and,

    c. If appropriate any protective order designations will also be identified within the load file.

6. Hard-Copy Documents. For documents maintained by a party only as hard-copy documents which are converted to an electronic format for discovery, the production of the hard-copy documents shall include a load file if required above with document breaks and sets forth the Custodian or Source associated with each produced document. Hard-copy documents shall be scanned using Optical Character Recognition technology and searchable ASCII text files shall be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably

**STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER** – 7
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

useable/searchable ESI). Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated October 3, 2019          By: s/Philip G. Arnold_____
                                      Philip G. Arnold, WSBA No. 2675
                                      Campiche Arnold, PLLC
                                      Attorneys for Plaintiffs Peters
                                      1201 Third Avenue, suite 3810
                                      Seattle, WA 98101
                                      Tele: 206.281.9000
                                      Facsimile: 206.281.9111
                                      E-mail addresses:
                                      parnold@campichearnold.com
                                      jcampiche@campichearnold.com
                                      jhackler@campichearnold.com
                                      lrichard@campichearnold.com
                                      lharris@campichearnold.com

Dated October 3, 2019          By: *s/Bridget E. Casey*
                                      Bridget E. Casey, WSBA No. 30459
                                      Joseph B. Genster, WSBA No. 14968
                                      Katherine H. Bosch, WSBA No. 43122
                                      Snohomish County Prosecutor's Office,
                                          Civil Division
                                      Attorneys for Def. Snohomish County
                                      3000 Rockefeller Avenue, MS 504
                                      Everett, WA  98201
                                      Tele:  425.388.6330
                                      Facsimile:  425.388.6333
                                      Email addresses:
                                      bcasey@snoco.org
                                      jgenster@snoco.org
                                      kbosch@snoco.org

**STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER  – 8**
NO.   2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

| | | |
|---|---|---|
| 1 | Dated October 3, 2019 | By: *s/Shannon M. Ragonesi* |
| 2 | | Shannon M. Ragonesi |
| | | Keating Bucklin & McCormack, Inc., PS |
| 3 | | Attorneys for Defendant Deputy Wallin |
| | | 801 Second Avenue, Suite 1210 |
| 4 | | Seattle, WA 98104 |
| | | Tele: 206.623.8861 |
| 5 | | Facsimile: 206.223.9423 |
| | | Email addresses: |
| 6 | | SRagonesi@kbmlawyers.com |
| | | CLinder@kbmlawyers.com |

**STIP. FOR DISCOVERY OF ELECTRONICALLY STORED INFO. (ESI) AND ORDER – 9**
NO. 2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 7, 2019.

*/s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

Presented by:

By: s/Philip G. Arnold
Philip G. Arnold, WSBA No. 2675
Campiche Arnold, PLLC
Attorneys for Plaintiffs Peters
1201 Third Avenue, Suite 3810
Seattle, WA 98101
Telephone: 206.281.9000
Fax:        206.281.9111
E-mail parnold@campichearnold.com

STIP. FOR DISCOVERY OF ELECTRONICALLY
STORED INFO. (ESI) AND ORDER – 10
NO.  2:19-cv-00873-TSZ

**CAMPICHE ARNOLD, PLLC**
1201 Third Avenue, Suite 3810
Seattle, WA 98101
TEL: (206) 281-9000
FAX: (206) 281-9111